UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RUFUS DEON WILSON,

    Defendant.
_____/

Criminal No. 13-CR-20369-02
Civil Action No. 17-CV-14184

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING DEFENDANT'S
REQUESTS FOR THE APPOINTMENT OF COUNSEL**

This matter is presently before the Court on defendant's requests for the appointment of counsel [docket entries 201 and 203]. Defendant asks that he be appointed counsel pursuant to 28 U.S.C. § 3006A "in regards to a 'Dimaya' claim" [docket entry 201 at 2], which refers to the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Defendant presumably intends to assert this claim in a motion challenging his sentence under 28 U.S.C. § 2255.

Defendant has already filed a motion to vacate his sentence under § 2255 on other grounds, and the Court denied this motion on May 24, 2018. Defendant appealed, and on February 20, 2019, the Sixth Circuit denied his application for a certificate of appealability and denied as moot his motions for leave to proceed in forma pauperis and for the appointment of counsel.

Under § 2255(f), "[a] 1-year period of limitation shall apply to a motion under this section." The applicable limitation period for a § 2255 motion that raises a claim based on a recent Supreme Court case, such as *Dimaya*, would be one year from "the date on which the

right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Moreover, § 2255(h) provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> ***
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Court denies defendant's requests for the appointment of counsel because at this point a § 2255 motion asserting a *Dimaya* claim would be time-barred under § 2255(f)(3). *Dimaya* was decided on April 17, 2018. Defendant had one year from this date, i.e., until April 17, 2019, to file a § 2255 motion challenging his sentence on this basis. Further, because defendant has already filed a § 2255 motion, albeit on a different basis, under subsection (h) he must obtain permission from the Sixth Circuit to file a second or successive § 2255 motion. Defendant has not shown that he has received this permission from the Sixth Circuit. Accordingly,

IT IS ORDERED that defendant's requests for the appointment of counsel are denied.

Dated: July 2, 2019
    Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 2, 2019.

| | |
|---|---|
| Rufus Deon Wilson, 42264-039<br>Terre Haute Federal Correctional Institution<br>Inmate Mail/Parcels<br>PO Box 33<br>Terre Haute, IN 47808-0033 | s/Johnetta M. Curry-Williams<br>Case Manager |