UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Criminal No. 13-CR-20369-02

vs.                                             HON. BERNARD A. FRIEDMAN

RUFUS DEON WILSON,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTIONS
## FOR A SENTENCE REDUCTION UNDER THE FIRST STEP ACT AND
## FOR THE APPOINTMENT OF COUNSEL

This matter is presently before the Court on defendant's motions for a sentence reduction under the First Step Act [docket entries 200 and 202[1]] and for the appointment of counsel [docket entry 207]. The government has filed a response opposing defendant's motions for a sentence reduction, and defendant has filed a reply.

The Court recently summarized the procedural history of this case as follows:

In June 2014, a jury found defendant guilty of the following five crimes: Count 3, conspiracy to murder a federal employee, 18 U.S.C. §§ 1114, 1117; Count 4, conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(A); Count 5, possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); Count 6, felon in possession of a firearm 18 U.S.C. § 922(g); and Count 7, possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C). The Court sentenced defendant in November 2014 to the following terms of imprisonment: Count 3, 420 months; Count 4, life; Count 5, 60 months; Count 6, 420 months; and Count 7, 360 months.[1] Defendant immediately appealed his

---

[1] Docket entry 201 is a motion for a sentence reduction under § 401 of the First Step Act, and docket entry 202 is entitled "Amended Motion for Sentence Reduction." The Court shall consider defendant's motion and amended motion together because they make the same request and raise similar arguments. Moreover, the government's response addresses both of these documents.

conviction and sentence. In June 2016, the Sixth Circuit affirmed the Court's judgment. In June 2017, the Supreme Court denied defendant's petition for a writ of certiorari.

---

[1] The sentences for Counts 3, 4, 6, and 7 run concurrently, while Count 5 runs consecutively.

*United States v. Wilson*, No. 13-CR-20369-2, 2018 WL 2364031, at *3 (E.D. Mich. May 24, 2018). On May 24, 2018, the Court denied defendant's motion to vacate his sentence under 28 U.S.C. § 2255. *Id.* Defendant appealed, and on February 20, 2019, the Sixth Circuit denied defendant's application for a certificate of appealability and denied as moot his motions for leave to proceed in forma pauperis and for the appointment of counsel [docket entry 199].

In the instant motions for a sentence reduction, defendant "seeks relief of a reduced sentence from Life to 25 years" under § 401 of the First Step Act, which was enacted on December 21, 2018 [docket entry 200 at 4]. Defendant was sentenced to life on Count 4, which charged him with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Section 401 of the First Step Act, entitled "Reduce and Restrict Enhanced Sentencing for Prior Drug Felonies," amends provisions within § 841.

The government correctly argues that defendant is not eligible for a sentence reduction under § 401 of the First Step Act because it is not retroactive. Pl.'s Resp. at 3-4. One of the provisions within § 401 provides:

> << 21 USCA § 802 NOTE >>
>
> (c) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No.115-391, § 401, 132 Stat. 5194, 5221 (2018). The Sixth Circuit has determined that "the First Step Act is largely forward-looking and not retroactive,

2

applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'" *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (alteration in original) (quoting First Step Act of 2018, Pub. L. No.115-391, § 401(c), 132 Stat. 5194, 5221 (2018)); *see also United States v. Norman*, No. 1:08-CR-286, 2019 WL 3296830, at *5 n.7 (W.D. Mich. July 23, 2019) ("The most natural reading of Section 401 of the First Step Act . . . is that it is not retroactive." (alteration added)). Section 401 makes it clear that this section applies only to offenses committed before the Act's December 21, 2018, enactment date "if a sentence for the offense has not been imposed" as of that date. In the present case, because defendant was sentenced in November 2014 – more than four years before the First Step Act went into effect – § 401 is inapplicable and has no effect on his sentence. *See Wiseman*, 932 F.3d at 417 (concluding that defendant "cannot benefit from the First Step Act as he was sentenced prior to its effective date and its limited retroactivity [in § 404[2]] does not apply to him"). The Court shall therefore deny defendant's motions for a sentence reduction.

Defendant also seeks the appointment of counsel. The Court shall deny this request given its finding that defendant is not entitled to relief under the First Step Act, as discussed above. In defendant's motion for the appointment of counsel, which he submitted to the Court as a separate filing, he asks that he be appointed an attorney "In Light of the Supreme Court Ruling in, United States v. Davis, ( S. Ct. June 24, 2019 ), [sic] that 924(C)(3)(B), is "Unconstitutionally Vague," in which Davis applies to 924(c) offense and a Crime of Violence. See; Davis v. United States, (No. 18-431) (S.Ct. June 24, 2019)" [docket entry 207 at 2].

---

[2] The Sixth Circuit indicates in *United States v. Wiseman*, 932 F.3d 411 (6th Cir. 2019), that "Section 404 of the [First Step] Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010." *Id.* at 417 (alteration added). Like the court determined in *Wiseman*, the Court finds that "[t]his provision does not pertain to [defendant's] case." *Id.*

3

Defendant presumably intends to rely on *Davis* to challenge his sentence as to Count 5 by filing a motion under § 2255.

In its July 2, 2019, opinion and order denying defendant's requests for the appointment of counsel, the Court noted that "[d]efendant has already filed a motion to vacate his sentence under § 2255 on other grounds, and the Court denied the motion on May 24, 2018" [docket entry 206 at 1]. The Court explained:

> Under § 2255(f), "[a] 1-year period of limitation shall apply to a motion under this section." The applicable limitation period for a § 2255 motion that raises a claim based on a recent Supreme Court case . . . would be one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Moreover, § 2255(h) provides that
>
>> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>> ***
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* at 1-2. Given that the Supreme Court decided *Davis* on June 24, 2019, a claim based on this case is not time-barred under § 2255(f)(3). However, the Court shall deny defendant's motion for the appointment of counsel because, as previously indicated, he "has already filed a § 2255 motion, albeit on a different basis," and therefore "under subsection (h) he must obtain permission from the Sixth Circuit to file a second or successive § 2255 motion. Defendant has not shown that he has received this permission from the Sixth Circuit." *Id.* at 2. Accordingly,

IT IS ORDERED that defendant's motions for a sentence reduction under the First Step Act [docket entries 200 and 202] are denied.

IT IS FURTHER ORDERED that defendant's motion for the appointment of counsel [docket entry 207] is denied.

|  |  |
|---|---|
| Dated: September 19, 2019<br>Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 19, 2019.

|  |  |
|---|---|
| Rufus Deon Wilson, 42264039<br>Terre Haute Federal Correctional Institution<br>Inmate Mail/Parcels<br>PO Box 33<br>Terre Haute, IN 47808-0033 | s/Johnetta M. Curry-Williams<br>Case Manager |