UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Criminal No. 13-CR-20369-02

vs.                                              HON. BERNARD A. FRIEDMAN

RUFUS DEON WILSON,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S RENEWED
MOTION FOR RELIEF PURSUANT TO THE FIRST STEP ACT**

This matter is presently before the Court on defendant's pro se "renewed motion for mandatory relief" under the First Step Act. (ECF No. 245). Pursuant to ED Mich. LR 7.1(f)(1), the Court shall decide this motion without a hearing. For the following reasons, the Court shall deny the motion.

The Court previously summarized this case as follows:

> In June 2014, a jury found defendant guilty of the following five crimes: Count 3, conspiracy to murder a federal employee, 18 U.S.C. §§ 1114, 1117; Count 4, conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(A); Count 5, possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); Count 6, felon in possession of a firearm 18 U.S.C. § 922(g); and Count 7, possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C). The Court sentenced defendant in November 2014 to the following terms of imprisonment: Count 3, 420 months; Count 4, life; Count 5, 60 months; Count 6, 420 months; and Count 7, 360 months.[1] Defendant immediately appealed his conviction and sentence. In June 2016, the Sixth Circuit affirmed the Court's judgment. In June 2017, the Supreme Court denied defendant's petition for a writ of certiorari.

_____

[1] The sentences for Counts 3, 4, 6, and 7 run concurrently, while Count 5 runs consecutively.

*United States v. Wilson*, No. 13-CR-20369-02, 2018 WL 2364031, at *3 (E.D. Mich. May 24, 2018). Defendant subsequently filed a motion for relief under 28 U.S.C. § 2255, applied for a certificate of appealability from the denial of his § 2255 motion, twice moved for leave to file a second or successive § 2255 motion, filed a motion for sentence reduction under the First Step Act, and most recently filed a "writ of error," which the Sixth Circuit interpreted to be a petition for a writ of mandamus. (ECF Nos. 170, 200, 202, 232, 235). All of these efforts have been unsuccessful.

In the instant motion, defendant challenges the Sixth Circuit's recent order interpreting his "writ of error" as a petition for a writ of mandamus and denying relief. (ECF No. 232). Defendant contends that the filing "was clearly not, . . . and never will be" a petition for a writ of mandamus, and that the circuit court's order "must be instantly adjudged on stated 'legal errors.'" (ECF No. 245, PageID.2921). Defendant also challenges the entirety of his legal proceedings, stating that they have been "saturated with legal errors, all of which demand relief." (*Id*., PageID.2922). He contends that the Court is "keeping [him] imprisoned for LIFE for all the wrong reasons." (*Id*.). Most relevant to the requested relief, defendant notes that he was sentenced to life on Count 4 pursuant to a 21 U.S.C. § 841 sentencing enhancement. He contends, however, that "section 401 of the First Step Act now negates this enhancement" and that "if [he] was sentenced today, he would not be facing a LIFE sentence." (*Id*., PageID.2928). He adds that "[t]he time is ripe to rectify this error of judgment." (*Id*.).

In denying defendant's prior motion for a sentence reduction pursuant to the First Step Act, the Court explained:

> [D]efendant "seeks relief of a reduced sentence from Life to 25 years" under § 401 of the First Step Act, which was enacted on December 21, 2018 [docket entry 200 at 4]. Defendant was sentenced to life on Count 4, which charged him with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Section 401 of the First Step Act, entitled "Reduce and Restrict Enhanced Sentencing for Prior Drug Felonies," amends

2

provisions within § 841.

The government correctly argues that defendant is not eligible for a sentence reduction under § 401 of the First Step Act because it is not retroactive. Pl.'s Resp. at 3-4. One of the provisions within § 401 provides:

> << 21 USCA § 802 NOTE >>
>
> (c) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No.115-391, § 401, 132 Stat. 5194, 5221 (2018). The Sixth Circuit has determined that "the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'" *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (alteration in original) (quoting First Step Act of 2018, Pub. L. No.115-391, § 401(c), 132 Stat. 5194, 5221 (2018)); *see also United States v. Norman*, No. 1:08-CR-286, 2019 WL 3296830, at *5 n.7 (W.D. Mich. July 23, 2019) ("The most natural reading of Section 401 of the First Step Act . . . is that it is not retroactive." (alteration added)). Section 401 makes it clear that this section applies only to offenses committed before the Act's December 21, 2018, enactment date "if a sentence for the offense has not been imposed" as of that date. In the present case, because defendant was sentenced in November 2014 – more than four years before the First Step Act went into effect – § 401 is inapplicable and has no effect on his sentence. *See Wiseman*, 932 F.3d at 417 (concluding that defendant "cannot benefit from the First Step Act as he was sentenced prior to its effective date and its limited retroactivity [in § 404[2]] does not apply to him"). The Court shall therefore deny defendant's motions for a sentence reduction.

─────────

[2] The Sixth Circuit indicates in *United States v. Wiseman*, 932 F.3d 411 (6th Cir. 2019), that "Section 404 of the [First Step] Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010." *Id*. at 417 (alteration added). Like the court determined in *Wiseman*, the Court finds that "[t]his provision does not pertain to [defendant's] case." *Id*.

3

*United States v. Wilson*, No. 13-CR-20369-02, 2019 WL 4547061, at *1-2 (E.D. Mich. Sept. 19, 2019).

In support of the instant motion, defendant states that he has "new and different evidence to once and for all compel this court to vacate his LIFE sentence." (ECF No. 245, PageID.2923) (internal quotation marks omitted). Although defendant does not raise any additional evidence, he cites eight cases in his brief, which, he contends, "guarantee that [his] LIFE sentence must be set aside." (*Id.*, PageID.2924). Five of those eight cases were decided prior to this Court's September 19, 2019, opinion and order denying defendant's previous motion for a sentence reduction pursuant to the First Step Act. Moreover, none of the cases alter the fact that § 401 of the First Step Act is not retroactively applicable. *See Terry v. United States*, 141 S. Ct. 1858, 1860 (2021) (holding that § 404 of the First Step Act does not modify statutory penalties for crack offenses that did not trigger a mandatory-minimum penalty); *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"); *United States v. Alston*, 976 F.3d 727, 727 (6th Cir. 2020) (holding that prior convictions for "attempt crimes," including "offers to sell drugs" "do not qualify for the [U.S.S.G.] § 4B1.1 career-offender enhancement"); *United States v. Garth*, 965 F.3d 493, 497-98 (6th Cir. 2020) (holding that under Tennessee law, "possession with intent to deliver is categorically a controlled-substance offense under U.S.S.G. § 4B1.2(b)," as it does not qualify as an attempt crime); *United States v. Powell*, 781 F. App'x 487, 490 (6th Cir. 2019) (holding that "attempt crimes no longer qualify as controlled substance offenses for purposes of the career offender enhancement"); *United States v. Havis*, 927 F.3d 382, 384-85, 387 (6th Cir. 2019) (holding the definition of "controlled substance offense" under the Sentencing Guidelines, "does not include attempt crimes" and, therefore,

under the categorical approach, statutes that criminalize attempts as the least culpable conduct cannot qualify as a controlled substance offense); *United States v. Oliver*, 919 F.3d 393, 403 (6th Cir. 2019) (pertaining to the government's burden in child pornography distribution cases in order to apply the five-level enhancement under amended U.S.S.G. § 2G2.2(b)(3)(B)).

In particular, defendant highlights the recently decided case of *Concepcion v. United States*, 142 S. Ct. 2389 (2022). Unlike in the present case, however, the sentence reduction arguments in *Concepcion* fell under § 404 of the First Step Act – a section that, as mentioned above, provides for limited retroactivity. Moreover, that limited retroactivity was applicable to Mr. Concepcion. *See Concepcion*, 142 S. Ct. at 2396-97. Under the circumstances, the Supreme Court held that district courts have broad discretion in resentencing pursuant to the First Step Act and must consider, although need not accept, all "nonfrivolous arguments raised by the parties," including those regarding postsentencing evidence of rehabilitation and changes in the Sentencing Guidelines. *Id*. at 2400, 2404-05. The Court explained that "[t]he only limitations on a court's discretion to consider any relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution." *Id*. at 2400.

In the present case, the Court's discretion in resentencing is restrained by limitations set forth by Congress in the First Step Act. Defendant was sentenced to life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A), due to three prior felony drug convictions.[1] At the time, § 841(b)(1)(A) mandated life imprisonment for certain defendants who had previously been convicted of two or more

---

[1] Defendant's prior felony convictions are as follows: (1) aggravated trafficking in drugs, in violation of OHIO REV. CODE § 2925.03(A)(1) (Case No. CR-93-12-0485); (2) delivery/ manufacture of a controlled substance, in violation of MICH. COMP. LAWS § 333.7401(2)(d)(iii) (Case No. 01-000764-FH); and (3) possession of a controlled substance less than 25 grams, in violation of MICH. COMP. LAWS § 333.7403(2)(a)(v) (Case No. 07-015165-01). (ECF No. 78, PageID.311-12).

felony drug offenses. Upon enactment, § 401 of the First Step Act reduced this mandatory minimum to twenty-five years' imprisonment. However, as stated above and in this Court's denial of defendant's prior motion pursuant to the First Step Act, § 401 is not retroactively applicable. *See* § 401(c). It does not apply to defendants, like Wilson, who were sentenced prior to enactment. This Court has no authority to resentence defendant pursuant to § 401, nor has defendant provided the Court with any other basis for the requested relief.

To the extent that defendant seeks reconsideration of the Court's prior opinion and order regarding the First Step Act, the motion is untimely and simply rehashes arguments that this Court previously rejected. *See* ED Mich. LR 7.1(h)(2) (stating that motions for reconsideration "must be filed within 14 days after entry of the order"). Defendant has not "show[n] that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome." *Southfield Educ. Ass'n v. Bd. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 902 (E.D. Mich. 2018). Accordingly,

IT IS ORDERED that defendant's renewed motion for a sentence reduction pursuant to the First Step Act (ECF No. 245) is denied.

Dated: September 15, 2022  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2022.

| | |
|---|---|
| Rufus Deon Wilson #42264-039<br>TERRE HAUTE<br>FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels<br>P.O. BOX 33<br>TERRE HAUTE, IN 47808 | s/Johnetta M. Curry-Williams<br>Case Manager |

7