UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      Case No. 13-cr-20369
                                               HON. BERNARD A. FRIEDMAN

vs.

RUFUS DEON WILSON, et al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
RENEWED MOTION FOR REDUCTION OF SENTENCE**

This matter is before the Court on a renewed motion for reduction in sentence filed by defendant Rufus Deon Wilson. (ECF No. 247). This Court ordered the Government to respond, (ECF No. 248), but the Government has failed to do so. Pursuant to E.D. Mich. LR 7.1(f)(1), the Court will decide the motion without oral argument. For the following reasons, the Court will deny the motion.

    I.   Background

The Court has recently summarized this case. (*See* ECF No. 246). After the Supreme Court denied Wilson's petition for a writ of certiorari on his appeal from a jury verdict, Wilson

> filed a motion for relief under 28 U.S.C. § 2255, applied for a certificate of appealability from the denial of his § 2255 motion, twice

> moved for leave to file a second or successive § 2255 motion, filed a motion for sentence reduction under the First Step Act, and . . . filed a "writ of error," which the Sixth Circuit interpreted to be a petition for a writ of mandamus. (ECF Nos. 170, 200, 202, 232, 235). All of these efforts [were] unsuccessful.

(ECF No. 246, PageID.2934-35). In August 2022, Wilson filed a renewed motion for mandatory relief pursuant to the First Step Act. (ECF No. 245). In it he challenged the Sixth Circuit's order interpreting his "writ of error" as a petition for writ of mandamus. (*Id.*, PageID.2921). He also challenged the underlying proceedings, arguing in relevant part that he was sentenced to life imprisonment for Count 4 [conspiracy to possess with intent to distribute a controlled substance] due to a sentencing enhancement, but that "section 401 of the First Step Act now negates this enhancement." (*Id.*, PageID.2928).

This Court denied the motion, repeating that § 401 of the First Step Act is not retroactively applicable and therefore does not apply to individuals, like Wilson, who were sentenced prior to enactment. (ECF No. 246, PageID.2939). The Court also noted that in so far as Wilson's August 2022 motion sought reconsideration of the Court's prior opinion and order regarding the First Step Act, the motion was untimely and simply rehashed arguments previously rejected. (*Id.*).

Wilson has now filed the instant renewed motion for reduction in sentence pursuant to First Step Act (2018), sections 404, 401. (ECF No. 247).

Analysis

Wilson moves for a reduction in sentence pursuant to the Supreme Court's holding in *Concepcion v. United States* and sections 404 and 401 of the First Step Act. (*Id.*, PageID.2941).

This Court has repeatedly explained that because section 401 of the First Step Act is not retroactive, it is inapplicable to Wilson. (ECF Nos. 213, 246, PageID.2718, 2939). Wilson now acknowledges this. (ECF No. 247, PageID.2944). Nevertheless, Wilson now urges that § 404 of the First Step Act is retroactive, and so the "Court can now exercise its discretion concerning intervening changes in law affecting Mr. Wilson's life sentence." (*Id.*, PageID.2945). In support, Wilson points to *Concepcion v. United States*, 142 S. Ct. 2389 (2022), arguing that as in *Concepcion*, he is serving a sentence "for a 'covered offense' because § 2 of the Fair Sentencing Act 'modified' the statutory penalties for his conviction in Count (4), under statute 21 U.S.C. §841(a)(b)(1)(A)." (*Id.*, PageID.2945).

*Concepcion* discussed the interplay between the Fair Sentencing Act of 2010 and § 404 of the First Step Act. *Concepcion*, 142 S. Ct. at 2396-97. The Fair Sentencing Act of 2010 was intended to correct harsh disparities between crack and powder cocaine sentencing. *Id.* In 2018, Congress passed the First Step Act

3

that in part authorized a district court to impose a reduced sentence as if certain sections of the Fair Sentencing Act were in effect at the time a covered offense was committed. *Id.* at 2397.

Notably, however, application of § 404 of the First Step Act is limited to a "covered offense." A "covered offense" is one committed before August 3, 2010.

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

Pub. L. 115-391, § 404(a), 132 Stat. 5222. Section 404 of the First Step Act was applicable to Concepcion because he was sentenced in 2009 on a guilty plea entered in 2007. *Concepcion*, 142 S. Ct. at 2396.

Section 404 of the First Step Act is inapplicable to Wilson, however, who was sentenced in November 2014 for offenses ending in May 2013. (ECF No. 118, PageID.695-96). Because Count 4 was not "committed before August 3, 2010," it does not come within the ambit of § 404.[1]

District courts may modify a defendant's sentence only where a statute vests them with such authority. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). As this Court has already said multiple times: § 401 of the First Step Act is not retroactively applicable, and thus does not apply to Wilson, who was sentenced

---

[1] The Court has already advised Wilson that § 404 is inapplicable. (ECF No. 213, PageID.2718, n.2).

4

prior to enactment. (ECF No. 246, PageID.2939). Nor is § 404 applicable here because Count 4 was not committed prior to August 3, 2010, and thus does not constitute a "covered offense." *Concepcion* is distinguishable because, unlike Wilson, Concepcion's offense was committed before August 3, 2010. Wilson's apparent attempts to apply the permissive retroactivity of § 404 to the explicitly non-retroactive substance of § 401 are unavailing. In so far as Wilson separately challenges the legality of any enhancement in his sentence under the Armed Career Criminal Act, (*see* ECF No. 247, PageID.2948), he offers no authority pursuant to which such review would be possible by this Court. Accordingly,

IT IS ORDERED that Wilson's renewed motion for reduction in sentence (ECF No. 247) is DENIED.

Dated: December 8, 2022  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 8, 2022.

**Rufus Deon Wilson** #42264039  
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION  
Inmate Mail/Parcels  
P.O. BOX 33  
TERRE HAUTE, IN 47808

s/Johnetta M. Curry-Williams  
Case Manager

5