UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                    Case No. 13-cr-20369
                                            HON. BERNARD A. FRIEDMAN

vs.

RUFUS DEON WILSON,

               Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR RESETTLEMENT (ECF NO. 252)

This matter is before the Court on defendant Rufus Deon Wilson's motion for resettlement/clarification with requisition for default judgment as a matter of law. (ECF No. 252). Pursuant to E.D. Mich. LR 7.1(f)(1), (h)(3) the Court will decide the motion without oral argument. For the reasons stated below, the motion is denied.

On October 11, 2022, Wilson filed a renewed motion for reduction of sentence. (ECF No. 247). The Court ordered the Government to respond, (ECF No. 248), but the Government failed to do so. On December 8, 2022, this Court entered an opinion and order denying Wilson's motion. (ECF No. 251). Wilson now "seeks resettlement and/or clarification of" that order. (ECF No. 252,

PageID.2965).  He urges that his "motion is designed 'not for substantive change or to amplify this prior decision, but only to correct its errors, omissions and obtrusive legal allowance of government default' which mandates instant approval of the Default Judgment appearing in requisition heretofore, as a matter of law." (*Id.*, PageID.2965-66).

Wilson appears to be arguing that because the Government failed to respond to his renewed motion for reduction of sentence, (ECF No. 247), despite being ordered to do so, (ECF No. 248), he is entitled to prevail on the motion and to have the entire case against him dismissed pursuant to Rules 41(b) and 55(b) of the Federal Rules of Civil Procedure.  (*See* ECF No. 252, PageID.2967-70).[1]  Wilson also appears to argue that because the Court ordered the Government to respond to his motion, the Court divested itself of the ability to independently consider the merits of the motion.  (*See id.*, PageID.2968) ("Had Judge Friedman not court-ordered government/respondent to answer, he was certainly entitled, then and only then, to instill his personal opinionated counter-argument into the legal proceedings.").  Wilson additionally suggests that "when the respondent failed to adhere to the court order, this bench was compelled to issue a motion to show cause." (*Id.*).   Finally, Wilson attacks the substance of the Court's ruling, urging

---

[1] Wilson makes multiple references to a "Rule 7."  (ECF No. 252, PageID.2967-68).  However, the Court is unable to identify to which Rule 7 Wilson refers, as his citations do not track with the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of Michigan.

that it leaves "a notion of considerable uneasiness" as the ruling allegedly failed to address all of the points raised in his October motion.  (*Id.*, PageID.2971-79).

First, default judgment and dismissal are not applicable in this case.  Federal Rules of Civil Procedure 41 and 55 apply to civil cases, not criminal prosecutions. Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts.").[2]

Second, as Wilson has already been advised: "[a] district court may modify a defendant's sentence only as provided by statute."  *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009).  Wilson's previous motions failed to provide the Court with any authority pursuant to which the Court could modify his sentence. (*See* ECF No. 251, PageID.2963-64).  Even an unopposed motion does not confer power on a Court which it does not otherwise have.[3]

Third, Wilson has cited no authority for the proposition that "when the respondent failed to adhere to the court order, this bench was compelled to issue a motion to show cause."  (ECF No. 252, PageID.2968).

[2] Even if Fed. R. Civ. P. 55 did apply here, Wilson would not be entitled to relief. Default judgment "may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).  Wilson has failed to carry that burden.

[3] Wilson has acknowledged that § 401 of the First Step Act is not retroactive and the Court has made clear that neither § 401 nor § 404 applies to his case.  (ECF No. 247, PageID.2944); (ECF No. 251).  But even if § 404 did apply, Wilson would not be automatically entitled to a sentence reduction.  *United States v. Williams*, 817 F. App'x 164, 165 (6th Cir. 2020) (reiterating that eligibility for a reduction under § 404 of the First Step Act "is not the same as entitlement").

And finally, in so far as Wilson seeks reconsideration of the Court's previous orders, his present motion is untimely.  E.D. Mich. LR 7.1(h)(2) (motions for reconsideration must be filed within 14 days after entry of the order).  Furthermore, he has not shown that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision."  *See* E.D. Mich. LR 7.1(h)(2)(a).[4]  Accordingly,

IT IS ORDERED that Wilson's motion for resettlement (ECF No. 252) is DENIED.

SO ORDERED.

|  |  |
|---|---|
| | s/Bernard A. Friedman |
| Dated: March 30, 2023 | Bernard A. Friedman |
|     Detroit, Michigan | Senior United States District Judge |

---

[4] Wilson's chief concern appears to be that the Court failed to consider his arguments regarding three prior convictions which led to a sentencing enhancement.  (ECF No. 252, PageID.2972-77); *see also* (ECF No. 126) (transcript of sentencing hearing at which applicability and effect of prior convictions was discussed at length).  However, those arguments were presented in the context of (and relevant to) his position on the First Step Act, which the Court discussed and rejected.  *See* (ECF No. 247, PageID.2944-48) (ECF No. 251).  In so far as Wilson is arguing that his three prior convictions have never justified a sentencing enhancement, Wilson explicitly waived his right to make that argument at his sentencing hearing.  (ECF No. 126, PageID.745-46); *see also* 21 U.S.C. § 851(b).  On direct appeal, the Sixth Circuit also noted that "Wilson does not dispute that he has 'two or more prior convictions for a felony drug offense' for purposes of 21 U.S.C. § 841(b)(1)(A)."  (ECF No. 158, PageID.2324 n.11).

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 30, 2023.

| | |
|---|---|
| **Rufus Deon Wilson,** 42264-039<br>TERRE HAUTE FEDERAL CORRECTIONAL<br>INSTITUTION<br>Inmate Mail/Parcels<br>P.O. BOX 33<br>TERRE HAUTE, IN 47808 | s/Johnetta M. Curry-Williams<br>Case Manager |

5