UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                      Case No. 13-cr-20369-02
                                          HON. BERNARD A. FRIEDMAN

vs.

RUFUS DEON WILSON,

      Defendant.
_____/

**OPINION AND ORDER DENYING MOTION
FOR COMPASSIONATE RELEASE (ECF NO. 260)**

This matter is before the Court on defendant Rufus Deon Wilson's "motion for reduction in sentence / compassionate release pursuant to new sentencing commission amendments § 3582(c)(1)(A), First Step Act, (2018), § 401." (ECF No. 260). The government has submitted a response in opposition, and Wilson has replied. (ECF Nos. 262, 263). Pursuant to E.D. Mich. LR 7.1(f)(1) the Court will decide the motion without oral argument. For the following reasons, the motion is denied.

I.   Background

In June 2014, a jury found Wilson guilty of conspiracy to murder a federal employee (Count 3), conspiracy to possess with intent to distribute controlled

substances (Count 4), possession of a firearm in furtherance of a drug trafficking crime or a crime of violence (Count 5), being a felon in possession of a firearm (Count 6), and possession with intent to distribute crack cocaine (Count 7). (ECF No. 100). The Court sentenced him to a term of 420 months on Count 3, life on Count 4, 60 months on Count 5, 420 months on Count 6, and 360 months on Count 7. Counts 3, 4, 6, and 7 were set to run concurrently and Count 5 was set to run consecutively. (ECF No. 118, PageID.697). The conviction and sentence were affirmed on direct appeal, (ECF No. 158), and his petition for a writ of certiorari to the Supreme Court was denied, (ECF No. 161).

Wilson filed multiple post-conviction motions for relief, all of which were unsuccessful. Of particular relevance here, the Court has multiple times advised Wilson that neither section 401 nor section 404 of the First Step Act apply to his case. *See, e.g.*, (ECF No. 254, PageID.3008, n.3). Undeterred, Wilson has now filed the instant motion seeking a reduction in sentence "pursuant to [the] First Step Act (2018), §401, Compassionate Release §3582(c)(1)(A)'s New amendments promulgated by the sentencing Commission." (ECF No. 260, PageID.3033).

II. Legal Standard

The Court has no inherent authority to revisit an otherwise lawful sentence, but "may modify a defendant's sentence only as provided by statute." *United*

2

*States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). 18 U.S.C. § 3582(c)(1)(A)(i) is one such statutory provision. However, it only allows amendment "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and upon finding both that "extraordinary and compelling reasons warrant such a reduction" and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i).

III. <u>Analysis</u>

Here Wilson appears to urge that the recent Sentencing Commission Amendments, together with Section 401 of the First Step Act, can now constitute an extraordinary and compelling reason to grant compassionate release. *See* (ECF No. 260, PageID.3036). Wilson acknowledges that the Sixth Circuit has already decided that nonretroactive changes in sentencing law (such as the First Step Act) cannot constitute an extraordinary and compelling reason. (*Id.,* PageID.3037); *United States v. McCall*, 56 F. 4th 1048, 1066 (6th Cir. 2022). But, he says, Congress vested the United States Sentencing Commission with the responsibility to describe what should be considered extraordinary and compelling, and the Commission has "decided via it[s] new amendments to §1B1.13 that a 'Change In

---

[1] A further prerequisite is that before filing such a motion defendants must exhaust their administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The parties here agree that Wilson has done so, and the Court sees no reason to disagree. *See* (ECF No. 260, PageID.3033, 3058); (ECF No. 262, PageID.3094).

The Law' legally can and sometimes should be the basis for a §3582(c)(1)(A) sentencing reduction." (ECF No. 260, PageID.3037); *see also* 28 U.S.C. § 994(t) (instructing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). In particular, Wilson points to the following language in the U.S.S.G. §1B1.13 amendment:

> (b) Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: . . .
> (6) If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Thus, Wilson urges that

> the U.S. sentencing commission has decided, contra to the position of the [S]ixth [C]ircuit and some other circuits that a change in the law can serve as an extraordinary and compelling reason for sentence reduction.
> The change in the law that was not made retroactive in the First Step Act § 401, now, may be considered, in determining whether Mr. Wilson presents and extraordinary and compelling reason for reduction.

(ECF No. 260, PageID.3037). Repeating many of the arguments raised in his prior motions, he urges that if sentenced today, his three prior drug convictions would no longer result in a mandatory life sentence. (*Id.*, PageID.3038-44).

4

Wilson also raises a series of other issues he believes constitute extraordinary and compelling reasons justifying early release.  These include sentencing disparities; that the government has disavowed prosecution of stash-house sting cases for fictitious drugs; that the undersigned previously indicated a desire not to sentence him to life imprisonment; his changed family circumstances, particularly the fact that he is the only available caregiver for his ailing father;[2] his efforts towards rehabilitation notwithstanding his life sentence; and his small number of citations for minor offenses while incarcerated.  (*Id.*, PageID.3044-3054).  He seeks reduction of his sentence to time served.  (ECF No. 262, PageID.3117).

The government urges the Court to deny the motion because the Sixth Circuit has already rejected the notion that the First Step Act can constitute an extraordinary and compelling reason to release defendants sentenced before the Act was passed.  (ECF No. 62, PageID.3093).  With regard to Wilson's argument that the recent amendments to the Sentencing Guidelines overturn the Sixth Circuit's holding in *McCall*, the government urges that the Court should not apply the new amendments to Wilson because the Sentencing Commission has no authority to override the statute as construed by the Court of Appeals.  (*Id.*,

---

[2] Wilson requests that the family circumstances relayed in his motion be sealed. (ECF No. 260, PageID.3049).  The Court grants the request but advises Wilson for future reference that the body of the motion is not the appropriate place to raise such a request for the first time.

PageID.3098) (citing, *inter alia*, *Neal v. United States*, 516 U.S. 284, 294 (1996)). Moreover, according to the government, "Wilson cannot meet the requirements of the policy statement itself" because he did not receive an "unusually long sentence" relative to the nature of his crimes. (*Id.*, PageID.3101). He also cannot show a "gross disparity" between the sentence he would receive today and that which was actually imposed given that even without the life sentence on Count 4, he would still be facing a total of 480 months on the other counts. (*Id.*, PageID.3102-04). The government further urges that none of the other grounds raised by Wilson constitute extraordinary and compelling reasons and that even if they did, "his motion should still be denied given the brutal nature of his crime and his chronic and violent criminal history." (*Id.*, PageID.3093).

A. *The Court finds no extraordinary and compelling reason to justify early release*

The Court is unpersuaded that there are any extraordinary and compelling reasons to warrant compassionate release in this case at this time. First, the Court acknowledges that the Sixth Circuit in *McCall* specifically declined to decide "[w]hether the Commission could issue a new policy statement that describes 'extraordinary and compelling reasons' in a way that is inconsistent with our interpretation of the statute's language." *McCall*, 56 F.4th 1048, 1054, n.3 (6th Cir. 2022). The Court need not resolve the tension, however, because Wilson cannot meet the other elements of the amendment to the Sentencing Guidelines. He has

6

not demonstrated that he received "an unusually long sentence," §1B1.13(b)(6), given the nature of his crimes which involved conspiring to brutally murder an undercover agent. (ECF No. 158, PageID.2305-07); *see also* United States Sentencing Commission, *Life Sentences in the Federal System*, (July 2022) at p. 2, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220726_Life.pdf (last accessed Mar. 28, 2024) (concluding that many offenders sentenced to life imprisonment were convicted of crimes similar to or the same as Wilson).[3] And nor, for that matter, has he shown that a "gross disparity," §1B1.13(b)(6), exists between the sentence he actually received and the one he might receive today. Even assuming the life sentence on Count 4 were removed, he would still be facing a *de facto* life sentence of 480 months on the other counts.[4] Thus, the recent amendments to §1B1.13 of the Sentencing

---

[3] Although Wilson asserts that his sentence is "six times longer than the average federal sentence for murder within the Sixth Circuit last year," he provides no citation with which the Court might validate this assertion. (ECF No. 263, PageID.3142); *see also* (*id.*, PageID.3140) (asserting that the average sentence for murder in the Sixth Circuit is 21 years).
    Wilson further urges that his sentence is unusually long compared to the 25 years received by his co-defendant, John Robert Davis. (*Id.*, PageID.3142). The Court sentenced Davis and Wilson as individuals, taking into consideration their unique characteristics and circumstances. And in any event, even taking out Wilson's life sentence on Count 4, he would still be facing 40 years on the other counts. 40 years is not "unusually long" compared to 25 years.
[4] Indeed, regardless of the legal life sentence on Count 4, it was the Court's intention at the time of sentencing to give Wilson a *de facto* life sentence. (ECF No. 126, PageID.759-61).

Guidelines do not create an extraordinary and compelling reason and the First Step Act remains inapplicable to Wilson's case.

Nor do any of the other reasons advanced by Wilson persuade the Court. Sentencing disparities, whether present at the time of sentencing or later created, do not inform whether "*the defendant's* personal circumstances changed after sentencing in a way that is 'extraordinary and compelling.'" *United States v. Hunter*, 12 F.4th 555, 569, 571-72 (6th Cir. 2021). The Court is sensitive to Wilson's altered family circumstances and his assertion that he is the only caregiver available for his ailing father. (ECF No. 260, PageID.3048-51). But the Court concurs with the government that Wilson has provided no medical documentation in support of his claim and, furthermore, that his own motion indicates that while he is the only child of his father, Wilson has several adult children – the motion fails to explain why they could not care for their grandfather. (*Id.*). And while the Court commends Wilson on any rehabilitation efforts he has made, the Court does not find that the work history and educational programming successes he presents are particularly remarkable, let alone extraordinary and compelling. Even if they were, the Court has already rejected his other efforts to identify extraordinary and compelling reasons and "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Collectively, the Court finds no extraordinary and compelling reason to justify compassionate release, and the motion could be denied on this basis alone.

*B. Consideration of the factors in 18 U.S.C. § 3553(a) does not support compassionate release*

But even if there were an extraordinary and compelling reason, the Court is not persuaded that renewed consideration of the factors in § 3553(a) supports release. Wilson notes that he was prosecuted and convicted for his efforts to "rob a non-existing drug stash house, for non-existing drugs." (ECF No. 260, PageID.3054). He urges, however, that his criminal history does not suggest that he has otherwise committed such crimes and that in this case while he did receive a gun from the government's confidential informant (his family member), no violence actually occurred because the entire sting was fictitious and "there were no victims at all." (*Id.*, PageID.3054-55). He further urges that while his "offenses are undeniably serious . . . the punishment he received is significantly greater than necessary to accomplish the goals of respect for the law, just punishment, deterrence, and protection of the public." (*Id.*, PageID.3055). He attaches to his motion multiple letters supporting his request for early release (including several very favorable letters from prison officials) as well as his own medical and programming documentation and some personal correspondence. (ECF No. 260, PageID.3059-85).

Again: the Court commends Wilson for his efforts towards rehabilitation. However, his own motion gives the Court serious concern about the need to protect the public from Wilson's further crimes and his continued need for educational, vocational, and correctional training. He himself informs the Court that the BOP has recently given him a "medium" recidivism risk rating. (ECF No. 260, PageID.3053). This is compounded by the extensive criminal history Wilson had developed prior to this case, which he acknowledged at the time of sentencing. (ECF No. 126, PageID.751). Earlier sentences apparently failed to have the necessary deterrent effect and the Court believes significantly more time is needed here.

Further, the crimes for which he was convicted are very serious and granting compassionate release a mere 10 years into a life sentence (*de facto* or statutory) would not reflect that seriousness or promote respect for the law. When approached by an undercover agent with an opportunity to rob a drug house, Wilson instead plotted to double-cross the agent by murdering him and stealing the drugs; he went so far as to suggest that he wanted to cut up the proposed victim with knives to avoid the sound of gunfire. (ECF No. 158, PageID.2304-06). This type of depravity, together with his lengthy rap sheet and repeated efforts

10

throughout the motion and reply brief to minimize the seriousness of his crime, suggest to the Court that compassionate release is not warranted at this time.[5]

Finally, the Court observes that in his reply brief, filed more than a month after the government's response, Wilson raises several additional arguments not presented in his original motion. *See* (ECF No. 263) (urging that he was subjected to a "trial penalty" and denied the opportunity to accept a plea bargain; alleging prosecutorial misconduct and entrapment; providing his own version of "relevant factual data from the record"; asserting that the government perpetrated fraud upon the Court; and challenging the validity of his convictions and sentence generally). The Court declines to address these wide-ranging issues as they are doubly untimely. First, absent leave of the Court, a reply brief must be filed within 7 days after service of the response. E.D. Mich. LR 7.1(e)(1)(B). Second, issues raised for the first time in a reply brief are generally deemed waived. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). The Court also observes that a motion for compassionate release is not the appropriate vehicle in which to raise these types of issues, as 18 U.S.C. § 3582(c)(1)(A) is directed to whether extraordinary and compelling reasons now warrant a sentence reduction, not

---

[5] Wilson also requests the appointment of counsel in this matter. (*Id.*, PageID.3055). But he is "not entitled to counsel to litigate his compassionate-release motion, and he demonstrated sufficient ability to represent himself." *United States v. Sykes*, No. 21-1709, 2022 WL 1462466, at *3 (6th Cir. Mar. 15, 2022) (citing *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (*per curiam*); *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)).

whether irregularities occurred at or before trial. And as to Wilson's renewed arguments about his criminal history and the recently amended policy statement by the Sentencing Commission, the Court has addressed those issues above.

Accordingly, it is hereby,

ORDERED that the motion for compassionate release, (ECF No. 260), be SEALED.

IT IS FURTHER ORDERED that the motion for compassionate release, (ECF No. 260), is DENIED.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: March 29, 2024 | s/Bernard A. Friedman |
| Detroit, Michigan | Bernard A. Friedman |
|  | Senior United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 29, 2024.

**Rufus Deon Wilson** 42264-039  
TERRE HAUTE  
FEDERAL CORRECTIONAL INSTITUTION  
Inmate Mail/Parcels  
P.O. BOX 33  
TERRE HAUTE, IN 47808

s/Johnetta M. Curry-Williams  
Case Manager